Nash, J.
Catherine Hertzler died in January, 1872, leaving three daughters, each having ehiídren, and leaving also eleven other grandchildren — the children of these daughters who died before Mrs. Hertzler executed the will now in controversy in this action. The will was made in February, 1870, and is in the following words:
“Know all Men by these Presents, That I, Catherine Hertzler, of Clark county, state of Ohio, of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all other wills.
“ Item. I give, devise and bequeath a specific legacy of two thousand dollars to the children of my daughter Barbara, intermarried with Samuel Huffman; two thousand dollars to the children of my daughter Ann, intermarried with Henry Snyder; and two thousand dollars to the children of my daughter Mary, intermarried with John Rubsam, to be set apart for them out of the first moneys coming into the hands of my hereinafter named executors, the annual interest of said sums, respectively to be paid to the said Barbara, Ann and Mary, during their natural life, and at the death of the said Barbara, Ann and Mary, the principal sums aforesaid shall be paid to their children, or *116 the survivor of them ; in case of the death of the children of my daughter Barbara, then one half of the share coming to them shall be given to the children of Ann, and the other half shall be given to the children of Mary, the same rule to be applied in case of the death of all the children of either Ann or Mary; and in case of all the children of any two of my said daughters Barbara, Ann and Mary, then the share coming to them shall be given to the surviving children of either Barbara, Ann or Mary, as the case may be.
“ Item. As to the rest, residue and remainder of all my estate, I devise, give and bequeath as follows:
“ To the children of my daughter Barbara, the one sixth share; to the children of my daughter Ann, the one sixth share; to the children of my daughter Mary, the one sixth share; to the children of my daughter Martha, deceased, the one sixth share; to the children of my daughter Susan, deceased, the one sixth share; to the children of my daughter Elizabeth, deceased, the one sixth share.'
' “ The annual interest of said one sixth share bequeathed to the children of my daughter Barbara, shall be paid to my daughter Barbara during her natural life, and at her death the principal shall be equally divided among her children. The annual interest of said one sixth share bequeathed to the children of my daughter Ann, shall be paid to my daughter Ann during her natural life, and at her death the principal shall be equally divided among her children. The annual interest of the one sixth share bequeathed to the children of my daughter Mary, shall be paid to my daughter Mary during her natural life, and at her death the principal.shall be equally divided among her-children. In case of .the death of all the children, without issue of either of my daughters Barbara, Ann, Mary, Martha, Susan and Elizabeth, then the one sixth share coming to them so deceased, shall be given to the surviving children of my said daughters. Thus, if all the children of one of my daughters die without issue, then the share coming to said deceased children shall be divided into five equal parts; and if all of the children of two of my daughters die with *117 out issue, then the shares coming to said deceased children shall be divided into four parts, and so on.
“ In case I should die before my grandchild Catherine Pope arrives at the years of majority, Mrs. Mellinger, wife of Jacob Mellinger, shall have the custody thereof, and in case of the death of said Mrs. Mellinger, the guardian of the said Catherine Pope, appointed by the probate court of Clark county, Ohio, to take charge of the estate she received from Daniel Hertzler, shall have the custody or provide a suitable place for her.
“ I hereby constitute and appoint my friends Henry Mouk and Joseph Harshman, executors of this will.
“ In testimony whereof, I have hereunto set my hand and seal this 9th day of February, A. D. 1870.
“ Catherine Hertzler. [seal.]
“ Signed, sealed and acknowledged by Catherine Hertzler as her last will and testament in our presence, and signed by us in her presence and at her request, the ninth day of February, A. D. 1870.
“John H. Protzman, Osborn, Greene Co., O.
“David M. Martin, Osborn, Greene Co., O.
One of Mrs. Hertzler’s deceased daughters, Martha, had intermarried with the plaintiff in error, L. J. M. Baker. At the time of the making of the will two children of Mr. and Mrs. Baker were living, to wit: Catherine and Daniel. These children lived until after the death of their grandmother, Catherine having died April 2d, 1874, and Daniel having died October 8th, 1878.
These grandchildren having deceased without issue, the question now presented is, did the property which Catherine Hertzler devised, gave and bequeathed to them in her will ascend to their father at their death, or did it pass to the surviving grandchildren of Catherine Hertzler?
The word “ coming ” taken in connection with the words “shall be given ” solves this question.
Upon the death of Catherine Hertzler in January, 1872, the property bequeathed to Catherine and Daniel Baker *118 vested in them, became their property, and after that time could not in any sense be said to be coming to them. After the making of the will but before the testatrix’s death, the property was only the property of Catherine and Daniel Baker in expectancy — it was coming to them.
The use of the words “ shall be given ” are very significant. In the first instance Mrs. Hertzler devised, gave and bequeathed one sixth of the remainder of her estate to Catherine and Daniel Baker. Upon the death of the testatrix it was the duty of the testator to place the devisees, if of full age, in possession of the property, otherwise to hand it over to their guardian. The words “shall be given” were evidently intended as a direction to the executor as to what to do, in case this could not be done. This contingency could not happen if the grandchildren survived the testatrix. It could only happen in case all the children of one or more of the daughters died before the death of Mrs. Hertzler.
Giving the words of her will their ordinary and natural meaning, we conclude that the contingency contemplated could only árise in case the devisees should die prior to testatrix’s death.
Having given this construction to the will, it follows that the property bequeathed to Catherine and Daniel Baker vested in them at the death' of Mrs. Hertzler, and as they died without issue or the marriage of either, it ascended under the statutes of Ohio to their father, the plaintiff in error.

Judgment reversed.